IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| WORLD OVERCOMERS | ) |
| CHRISTIAN CHURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10CV734 |
| | ) |
| AMERICAN PARAMOUNT, | ) |
| a California corpopraton, | ) |
| NICHOLAUS R. SKULTETY, | ) |
| ANGELA SKULTETY, MARJAM, | ) |
| INC., d/b/a Marjam Capital, a | ) |
| Maryland corporaton, | ) |
| MARK SNIDERO, LLOYD | ) |
| MICHAELSON, and LAW OFFICE | ) |
| OF LLOYD J. MICHAELSON, P.A., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the "Motion to Remand" filed by Plaintiff World Overcomers Christian Church on October 25, 2010. (Docket No. 12.) The motion was served by Plaintiff on Defendants Lloyd J. Michaelson and The Law Office of Lloyd J. Michaelson, P.A. ("the Michaelson Defendants") by service upon their attorneys of record. The remaining Defendants, all of whom joined in the Notice of Removal (Docket No. 1), were served with the Motion to Remand by Plaintiff through the addresses of their registered

agents or other addresses identified in the record by the Michaelson Defendants, the first-named signatories to the Motion to Remand. (Docket No. 10, Certificate of Service.)

The Michaelson Defendants, all claims against them having been voluntarily dismissed by Plaintiff on October 25, 2010, have had no occasion to respond to the motion to remand. No other Defendant has responded to the motion to remand.

Plaintiff moves to remand this action to state court on the ground that Defendants' Notice of Removal was untimely under 28 U.S.C. § 1446. That Section permits removal of an action within thirty days after receipt by the defendant of the initial pleading setting forth a claim for relief by the plaintiff, which claim falls within the original jurisdiction of the federal courts. Under subsection (b), if the case stated in the initial pleading is not removable, i.e., does not give rise to federal jurisdiction, a notice of removal is nonetheless timely if filed within thirty days after receipt by the defendant of, for example, an amended complaint that for the first time renders the case removable.

In this case, it is apparent that the original complaint filed in state court on April 29, 2010, and served upon the Michaelson Defendants on May 6, 2010, was removable to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Cf. Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994) (defendants must be able to intelligently ascertain removability from the face of the complaint; defendants have a duty

to scrutinize the case if diversity of citizenship seems apparent).[1]  Thereafter, on September 9, 2010, Plaintiff filed in state court an Amended Complaint that added one Defendant and also added claims against all Defendants under 18 U.S.C. § 1961, et seq. (Federal RICO).

Defendants filed their Notice of Removal on September 24, 2010, within thirty days of service of the Amended Complaint.  Defendants acknowledge that the case was removable under the original complaint based upon diversity of jurisdiction.  However, by September 24, removal of the case based upon the original complaint had become time-barred under 28 U.S.C. § 1446(b).  Defendants noted in their Notice of Removal that the Amended Complaint gave rise for the first time to federal question jurisdiction under 28 U.S.C. § 1331 in view of the claims of RICO violation.  Defendants contended that "[t]he removability of this action was *revived* on September 9, 2010 with the filing and service of the Amended Complaint upon the Defendants, which radically changed the fundamental nature of this case by adding a claim for violations of Federal RICO laws and adding Angela Skultey as a defendant to this action.  The introduction of new claims into an existing lawsuit constitutes the "commencement" of a new action, making removal appropriate." (Docket No. 1, Notice of Removal, ¶ 11)(emphasis added.)

---

[1] In their Notice of Removal, Defendants recite the citizenships of all Defendants, showing that the original Complaint was removable on the basis of diversity jurisdiction.

The party seeking removal has the burden of establishing federal jurisdiction, and the statutes governing removal must be strictly construed. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). As a general rule, a case that was removable under the claims set out in the initial pleading, does not become removable again, after the expiration of the thirty-day period established in 28 U.S.C. § 1446(b), simply by reason of a pleading amendment, even one that creates an additional basis for removal. As explained in Wright, Miller, Cooper & Steinman,

> [A]n amendment of the complaint often will not revive the period for removal if the state court case previously was removable but the defendant failed to exercise his right to remove. The result will be the same when any other change occurs or other paper is interposed that shows a ground for removal that previously was palpable but was not invoked by the defendant.

14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Joan E. Steinman, Federal Practice & Procedure § 3731 (4th ed. 2009).

Defendants in their Notice of Removal rely upon a narrow judicially created exception to the general rule of non-removability of an amended complaint where the initial complaint was itself removable, but the right to remove was waived by the passage of time. The exception recognized by some courts provides that if the amended complaint "fundamentally alter[s]" the complexion of the case to such a degree that the amended complaint creates "an essentially new lawsuit," the opportunity for removal is "revived." *See, e.g., Dunn v. Gaiam, Inc.*, 166 F. Supp. 2d 1273 (C.D.Cal. 2001)(Under the facts of the case, addition of RICO claim does not revive opportunity for removal since the amendment

did not fundamentally change the scope of the defendants' potential liability or change the gravamen of the complaint.).

In the case at bar, the Court finds no occasion to apply any exception to the general rule that the defendants' waiver of their right to removal with regard to the initial complaint forever waives the right of removal regardless of the addition of defendants of changes to the complaint. *See Dunn*, 166 F. Supp. 2d at 1278. The underlying allegations of the case are, and have always been, a fraudulent scheme by Defendants to obtain money from Plaintiff by promising to fund a loan to Plaintiff. The initial complaint contained, *inter alia*, claims for fraud, punitive damages and unfair and deceptive trade practices. As in *Dunn*, the addition of RICO claims in the Amended Complaint does not fundamentally change the scope of Defendants' potential liability or the gravamen of the complaint.

Accordingly, for reasons set forth above, the Court finds that Defendants' Notice of Removal (Docket No. 1) is untimely, and Plaintiff's Motion to Remand (Docket No. 12) should be granted. **IT IS RECOMMENDED** that the motion to remand be granted and that this action be remanded to state court.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: December 15, 2010